Fuentes, Appellant, *v.* Registrar of Caguas, Respondent.

Appeal from a Decision of the Registrar of Property Recording a Deed with Curable Defect.

No. 295.—Decided November 28, 1916.

Property of Minors — Patria Potestas — Purchase and Sale — Record of Title.—In the purchase of property by parents as representatives of their unemancipated minor children under *patria potestas,* they are not obliged to show the origin of the money invested; therefore, failure to set out this fact in the deed of purchase is not a curable defect affecting its record in the registry.

The facts are stated in the opinion.

*Mr. Andrés Mena* for the appellant.

The registrar appeared *pro se.*

Mr. Chief Justice Hernández delivered the opinion of the court.

By public deed No. 310 executed before Notary Andrés Mena Latorre in Humacao on September 19, 1916, Juan Pérez

Castro sold to Carmen Alicia and Pablo Gabriel Fuentes y Borges, minors represented by their father, Gabriel C. Fuentes, a house owned by the vendor in Caguas for the sum of $900, which he admitted he had received on the same day, it being stated in the deed that the said purchase price belonged to the said minors in equal shares as the proceeds of a public sale by the marshal of the District Court of Humacao on the day before of certain joint interests which the said minors owned in another house situated in Caguas.

A copy of the foregoing deed having been presented in the Registry of Property of Caguas for record, the registrar recorded it with the curable defect that it did not show the origin of the money invested in the purchase of the house contracted for therein.

An appeal was taken to this court from that part of the decision relating to the curable defect.

We find no provision in the Mortgage Law to support the decision appealed from.

It is true, as contended by the registrar, that in order that property acquired during wedlock by either of the spouses may be considered the private property of the one acquiring it, the origin of the purchase money must be shown in a more authentic way than by the mere statements of the interested spouses, as we said in the case of *Feliú et al v. Registrar of Property,* 16 P. R. R. 728; but that doctrine is based on the provisions of the Civil Code regulating the acquisition of property during wedlock, and said provisions are not applicable to acquisitions of property by parents as representatives of their unemancipated children under their *patria potestas.*

A purchase made by a parent as the representative of a child under *patria potestas* may be compared to a purchase made by an agent in the name of his principal, and as the agent in making a purchase for his principal is not required to show that the money employed for that purpose belongs to the latter, neither can the father who makes a purchase

in the name of his child be required to show that the money belongs to the child. It is only in case of litigation regarding the validity of the purchase that the evidence prematurely required by the registrar can be exacted.

Section 82 of the act relating to special legal proceedings, as amended by Act No. 33 of March 9, 1911, provides that whenever the judge authorizes the representative of the minor to execute any act or contract whereby the minor is to receive money or any other values, the decision shall determine the manner in which the placing or investment of the thing acquired shall be made; and it shall be the duty of the district attorney to see, as he may deem best, that the judicial decision be complied with. In accordance with this provision Gabriel C. Fuentes will be required to justify the investment of the $900 which he received as the proceeds of the sale of the joint interests owned by his children in the house sold at auction by the marshal of the District Court of Humacao; but the district attorney and not the registrar of Caguas is the proper person to demand such justification.

For the reasons stated, the decision appealed from should be reversed as to the curable defect therein assigned.

*Reversed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred